UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA FELDMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:06-CV-1832 (CEJ) |
| ) | |
| BRIAN SKAGGS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case arises out of a motor vehicle accident between plaintiff Norma Feldman and defendant Brian Skaggs. Plaintiff K.H. was a passenger in the vehicle driven by plaintiff Feldman. Plaintiffs, who are Illinois citizens, filed suit against defendant, a Missouri citizen, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. In the complaint, plaintiff Feldman prays for damages for medical bills and pain and suffering in an amount exceeding $40,000, and plaintiff K.H. prays for similar damages in an amount exceeding $35,000. In order to satisfy the requirements of diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

From the face of plaintiffs' complaint, the amount in controversy requirement is satisfied only if their claims are aggregated. However, the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional requirement. Snyder v. Harris, 394 U.S. 332, 335 (1969). Multiple plaintiffs may aggregate their claims to satisfy

the jurisdictional requirement only if the claims are based on a "common undivided interest." Troy Bank of Troy, Indiana v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." Kessler v. National Enterprises, Inc., 347 F.3d 1076, 1079 (8th Cir. 2003) quoting Sellers v. O'Connell, 701 F.2d 575, 579 (6th Cir. 1983). Plaintiffs' damages claims do not satisfy this test.

Federal courts are to strictly construe the amount in controversy requirement, as its underlying purpose is to limit the federal courts' diversity caseload. Snyder, 394 U.S. at 339. When the court questions whether the amount in controversy is satisfied, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). The Court will allow each plaintiff the opportunity to demonstrate that the amount in controversy satisfies the jurisdictional requirement.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs, not later than **January 30, 2007**, shall submit to the Court evidence that the amount in controversy for each plaintiff's claims exceeds $75,000, exclusive of interest and costs. **Failure to timely and fully comply with this Order will result in the dismissal of this case for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED** that all other proceedings in this case are **stayed** pending further order of this Court.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2007.